```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
_____
                                      )
FRANCIS LANG,                         )
                                      )
                 Petitioner,          )
                                      )    Civil Action
v.                                    )    No. 16-11898-PBS
                                      )
SUPERINTENDENT,                       )
MCI-CEDAR JUNCTION                    )
                                      )
                 Respondent.          )
_____ )
```

**MEMORANDUM AND ORDER**

January 6, 2020

Saris, D.J.

## INTRODUCTION

Petitioner Francis Lang was convicted of first-degree murder based on a theory of extreme atrocity or cruelty in connection with the 2005 fatal stabbing of Richard T. Dever. The Massachusetts Supreme Judicial Court ("SJC") unanimously denied post-conviction relief, rejecting Lang's claim of ineffective assistance of counsel. Commonwealth v. Lang, 38 N.E.3d 262, 264 (Mass. 2015). Lang now petitions for a writ of habeas corpus under 28 U.S.C. § 2254. He argues that his trial counsel was ineffective by failing to investigate Lang's mental health history although counsel was put on notice that Lang suffered from several mental health conditions. Lang's medical history

1

reflects diagnoses for bipolar disorder, anxiety, a seizure disorder, and learning disabilities.

The Court assumes familiarity with Magistrate Judge Dein's thorough Report & Recommendation [Dkt. No. 43] and does not repeat the facts of the case or each argument raised by the parties here. After hearing, the Court **DENIES** Lang's petition for habeas corpus relief [Dkt. No. 1].

## LEGAL STANDARDS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas corpus relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C § 2254(d). A reviewing court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then the court must decide whether "fairminded jurists could disagree" that those arguments are consistent with prior Supreme Court decisions. Harrington v. Richter, 562 U.S. 86, 102 (2011).

2

Lang's claim of ineffective assistance of counsel is analyzed under the familiar two-prong test from Strickland v. Washington, 466 U.S. 668 (1984). The first prong, deficient performance, asks "whether an attorney's representation amounted to incompetence under 'prevailing professional norms.'" Richter, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). The second prong, prejudice, requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. While a petitioner "must prove both prongs to prevail . . . 'a reviewing court need not address both requirements if the evidence as to either is lacking.'" Malone v. Clarke, 536 F.3d 54, 64 (1st Cir. 2008) (quoting Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007)).

## DISCUSSION

The SJC issued a unanimous decision denying Lang's claim of ineffective assistance of counsel but the five justices were split on their reasoning. Lang, 38 N.E.3d at 264-65. This Court begins with the opinion authored by Justice Lenk, which commanded a majority of justices, as the decision of the SJC.

The SJC held that the failure of Lang's trial attorney to investigate Lang's mental health history constituted deficient performance but concluded Lang did not suffer prejudice as a result. Id. at 277-78. Assuming without deciding that counsel's

3

failure to investigate constitutes deficient performance, this Court concludes that it was reasonable for the SJC to decide "the result of the proceeding" would not have been different absent that "unprofessional error[]." See Strickland, 466 U.S. at 694. After review of the arguments that "supported or . . . could have supported[] the state court's decision," the Court holds that the SJC's decision passes muster under AEDPA's deferential standard. See Richter, 562 U.S. at 102.

Lang's trial counsel testified in post-conviction proceedings that, even if he had investigated Lang's mental health history, he would still have chosen not to present any mental health defense. Lang, 38 N.E.3d at 272 n.15. Counsel, who had extensive experience in homicide cases, believed that a mental health defense would undermine or at least dilute the viable complete defense of self-defense. Id. at 270, 272. The minority opinion of the SJC, authored by Justice Hines, agreed that it was reasonable for counsel to forgo a mental health defense in favor of self-defense, relying on Massachusetts cases that upheld similar tactical decisions. Id. at 274 (citing Commonwealth v. Spray, 5 N.E.3d 891, 905 (Mass. 2014); Commonwealth v. Walker, 820 N.E.2d 195, 207 (Mass. 2005)). Thus, the SJC could have reasonably concluded that even a full investigation of Lang's mental health would not have changed counsel's strategy at trial.

The majority opinion of the SJC also determined that Lang "offered no evidence indicating that he would have agreed to present a lack of criminal responsibility defense at the time of the original trial, and has clearly asserted that he would not present the defense at a new trial." Lang, 38 N.E.3d at 277-78. During his post-conviction proceedings, Lang told Dr. Walters, the Commonwealth's psychiatric expert, "No, I'm not going to do that, you mean insanity? . . . I don't want to go to Bridgewater." Id. at 275 n.19.

The Magistrate Judge recommended allowing the habeas petition on the ground that Lang could have presented diminished capacity to the jury as an alternative to the complete defense of self-defense, even if he was unwilling to present a defense of lack of criminal responsibility. This approach of presenting a diminished capacity defense as a fall back may have provided the jury with mitigating evidence to reduce Lang's conviction from first-degree murder to a lesser included offense. See Commonwealth v. Gould, 405 N.E.2d 927, 933-35 (Mass. 1980) (mental impairment evidence can negate premeditation and extreme atrocity or cruelty); Commonwealth v. Gaboriault, 785 N.E.2d 691, 698-99 (Mass. 2003) (mental impairment evidence can negate specific intent and knowledge requirements). But Lang's trial attorney believed any mental impairment defense — even diminished capacity – would have weakened the self-defense

5

theory actually presented at trial. The SJC was not unreasonable in concluding that the result of the proceeding would have been unchanged by an investigation into diminished capacity.

The Court cannot say the SJC's finding that Lang did not suffer prejudice was "contrary to" Supreme Court law or based on an "unreasonable determination of the facts." See 28 U.S.C § 2254(d). At the very least, "fairminded jurists could disagree" about whether the SJC's conclusion was consistent with Strickland and its progeny. See Richter, 562 U.S. at 102.

### ORDER

Francis Lang's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge